In the Matter of CENTRAL SAVINGS BANK IN THE CITY OF NEW YORK, Petitioner, against WILLIAM B. LOGAN, as Clerk of the Municipal Court of the City of New York, Borough of Manhattan, Third District, Respondent.*

Supreme Court, Special Term, New York County, March 9, 1945.

* Cf. *A. B. Madison Ave. Corp.* v. *Cohn,* 183 Misc. 1061; *Twentieth Century Associates* v. *Waldman,* 184 Misc. 24; *Cohen* v. *Reckseit,* 184 Misc. 107; *Rosen* v. *370 West 35th St. Corp.,* 184 Misc. 172; *Sissias* v. *Perlmutter,* 184 Misc. 174; *Schwartz* v. *Church & Commerce Corp.,* 184 Misc. 200.— [REP.

*Arthur S. Cowen* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Conrad A. Johnson* of counsel), for respondent.

LEVY, J.  This petitioner instituted a summary proceeding in the Municipal Court of the City of New York, Borough of Manhattan, Third District, for nonpayment of accrued rental arrears in the sum of $525 for the period from November 1, 1944, to and including January 1, 1945, under a lease providing for annual rental of $2,100 for the term of one year from September 1, 1944, to August 31, 1945.  The tenant defaulted and a final order was made on January 24, 1945, directing warrant to issue January 26, 1945.  The respondent refused to issue a warrant upon the ground that the space occupied by the tenant was a parking lot and as such was commercial space used for commercial purposes within the provisions of chapter 3 of the Laws of 1945 of the State of New York, effective January 24, 1945, and that by reason thereof the petition in that proceeding failed to comply with the requirements of that act.  It is further contended that until the final order is vacated or otherwise modified by the justice making the order or upon appeal, the said order is final and the obligation of the respondent is unequivocal.  After the final order was made and some time after January 26, 1945, the justice indorsed thereon " Warrant refused."

The sole question presented is whether the Commercial Emergency Rent Act is applicable to proceedings pending January 24, 1945, and brought to recover rent accrued prior thereto. There have been some determinations to the effect that such proceedings fall under the operation of the act. I am unable to agree.

Section 1 of the act declares an emergency exists. There is no declaration of any emergency prior to January 24, 1945, or at any specific time prior to January 24, 1945.

Subdivision (e) of section 2, so far as this proceeding is concerned, fixes the emergency rent at the amount prevailing March 1, 1943, plus 15% thereof.

Section 3 provides: "From and after the effective date of this act, any rent which exceeds the emergency rent shall be presumed to be unjust, unreasonable and oppressive." It does not provide that any rent accruing prior to the effective date which exceeds the emergency rent is presumed unreasonable.

Section 7 refers to any action to recover rent "accruing during the period of the emergency".

Section 8 provides that no tenant shall be removed who continues to pay rent "to which the landlord is entitled, under the provisions of this act".

By section 11 rents are frozen as of the effective date.

The conclusion is inescapable that the act concerns only the frozen rent as established for the period of the emergency. It would be unconstitutional if extended to operate upon rents which accrued outside the period of the declared emergency. The Legislature may interfere with contractual arrangements between landlord and tenant only because of the declaration of emergency, and it therefore follows that the legislative enactment may not interfere or operate with respect to a period concerning which no emergency has been declared. Consequently, section 6, which provides that no proceeding shall be maintained unless the petitioner complies with that section, must be held to apply only to proceedings involving rents accruing on and after January 24, 1945. Likewise the payment of the rent by the tenant, which under section 8 will prevent removal, must refer to the payment of rent accruing on and after January 24, 1945, and cannot refer to rents which accrued and were unpaid prior to January 24, 1945.

The final order made in the summary proceeding remains unmodified. The notation made thereon is nothing more than an attempted interpretation of the act as preventing a removal, and the order remained in effect. Such notation is not an order

from which this petitioner may have any appeal, nor may it appeal from the final order which granted to it all the relief it sought. Accordingly the obligation of the respondent to issue the warrant is clear. The petition is granted. Settle order.